**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-2194**

ROBERT A. SNYDER,

                Plaintiff - Appellant,

        v.

CITIMORTGAGE, INCORPORATED; CITIFINANCIAL, INCORPORATED,

                Defendants - Appellees.

Appeal from the United States District Court for the District of Maryland, at Baltimore.    James K. Bredar, District Judge. (1:13-cv-02084-JKB)

Submitted:  February 25, 2014          Decided:  March 6, 2014

Before MOTZ, DUNCAN, and KEENAN, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Robert A. Snyder, Appellant Pro Se.  Robert A. Scott, BALLARD SPAHR, LLP, Baltimore, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert A. Snyder appeals the district court's order denying his motion to remand his quiet title action to state court, granting Defendants' motion to dismiss, and dismissing his complaint for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). On appeal, Snyder contends that the district court erred in denying his motion to remand his case to the state court. We agree.

"We review de novo questions of subject matter jurisdiction, including those relating to the propriety of removal." Mayes v. Rapoport, 198 F.3d 457, 460 (4th Cir. 1999). "The burden of demonstrating jurisdiction resides with the party seeking removal." Md. Stadium Auth. v. Ellerbe Becket, Inc., 407 F.3d 255, 260 (4th Cir. 2005) (internal quotation marks omitted). We "construe removal jurisdiction strictly"; thus, "if federal jurisdiction is doubtful, a remand to state court is necessary." Id. (internal quotation marks and brackets omitted).

Here, Defendants did not establish the existence of diversity jurisdiction. Thus, we must be satisfied that Defendants established federal question jurisdiction, in accordance with 28 U.S.C. § 1331 (2012), which confers on federal courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United

2

States."  A case may "arise under the laws of the United States if a well-pleaded complaint established that [the plaintiff's] right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties."  Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 13 (1983) (internal quotation marks omitted).  The party seeking removal must therefore establish two elements: "(1) that the plaintiff's right to relief necessarily depends on a question of federal law, and (2) that the question of federal law is substantial."  Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir. 2004).  "A plaintiff's right to relief for a given claim necessarily depends on a question of federal law only when every legal theory supporting the claim requires the resolution of a federal issue."  Id.; see Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 153 (4th Cir. 1994) ("[I]f a claim is supported not only by a theory establishing federal subject matter jurisdiction but also by an alternative theory which would not establish such jurisdiction, then federal subject matter jurisdiction does not exist.").

In this case, we conclude that Defendants failed to establish the existence of federal question jurisdiction.  State law creates Snyder's cause of action—an action to quiet title. Defendants point to the portion of Snyder's complaint in which he alleges violations of the Fair Debt Collection Practices Act,

3

the Racketeer Influenced Corrupt Organization Act, and several other federal statutes, to support their claim of federal jurisdiction. Snyder does not, however, advance these alleged violations of federal law as individual causes of action for which he seeks relief. Moreover, Snyder's state law quiet title action does not depend on a finding that Defendants violated federal law; Snyder advances many state law arguments in support of his claim to quiet title, any one of which, if valid, could support his action.

Accordingly, we vacate the district court's order and remand to the district court with instructions to remand Snyder's action to the state court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>